IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In Re: ) | |
| ) | |
| Seizure of $200,029.44 in ) | MISC. NO. 04-00143 HG LEK |
| United States Currency in ) | |
| Central Pacific Bank Account ) | DECLARATION OF EDRIC M. CHING, |
| No. 40454543 in the Name of ) | EXHIBITS "A", "B", AND "C" |
| Paul J. Sulla, Jr. Client ) | |
| Trust Account ) | |
| ) | |
| ) | |
| _____ ) | |

## DECLARATION OF EDRIC M. CHING

I, EDRIC M. CHING, declare that:

I am an Assistant U.S. Attorney in the United States Attorney's office, District of Hawaii assigned to this matter and am licensed to practice law in all courts of the State of Hawaii.

2. On or about June 29, 2004, Magistrate Judge Leslie E. Kobayashi, after reviewing the Ex Parte Application for Writ of Seizure of Funds ("Ex Parte Application") and Declaration of Edward E. Groves, issued a Writ of Seizure of Funds ("Writ").

3. The Writ ordered that the United States Marshals Service seize the subject currency from the subject account at Cental Pacific Bank and deposit the subject currency with the Clerk for the United States District Court of the State of Hawaii under further order of the Court.

4. The basis for the Ex Parte Application was that the subject currency was owned by Royal Lamarr Hardy ("Hardy") and Ursula Supnet ("Supnet").

5. On September 15, 2005, in <u>United States v. Hardy/Supnet</u>, Cr. No. 02-00133-001/Cr. No. 02-00133-002, in the United States District Court for the District of Hawaii, separate criminal judgments were entered against Hardy and Supnet. Attached hereto as Exhibits "A" and "B" are true and correct copies of a Judgment In A Criminal Case entered against Hardy and a Judgment In a Criminal Case entered against Supnet, respectively.

6. As part of the above-referenced Judgments, Supnet and Hardy owed restitution, jointly and severally, $197,555.00 to the Internal Revenue Service. <u>Id.</u>

7. As part of the criminal judgment against Hardy, Hardy was required to pay a $275.00 special assessment and cost of prosecution in the amount of $59,411.60 in addition to the above-referenced restitution. <u>See</u> Exhibit "A".

8. As part of the criminal judgment entered against Supnet, Supnet was required to pay a $200.00 special assessment in addition to the above-referenced restitution. <u>See</u> Exhibit "B".

9. As of October 26, 2007, there is a restitution balance of $196,990.00 and cost of prosecution of $59,411.60 due and owing against ROYAL LAMARR HARDY.

10. The above-referenced special assessments have been satisfied.

11. The above-referenced Judgments were affirmed by the Ninth Circuit on August 23, 2007. <u>See</u> Judgment, a true and correct copy of which is attached hereto as Exhibit "C".

12. The United States of America requests that the Court order the Clerk of the Court to apply the subject currency it is holding which belongs to Hardy and Supnet to the criminal monetary penalties which are owed by Hardy and Supnet pursuant to the above-referenced Judgments.

13. Hardy and Supnet will benefit from this request because it will decrease their respective indebtedness pursuant to the above-referenced Judgments.

14. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed: __October 31, 2007__, Honolulu, Hawaii.

_____
EDRIC M. CHING